WILLIAM B. CRANDELL *vs.* CITY OF TAUNTON.

In a writ of entry against a city, the tenants disclaimed all right in the demanded premises except a public right of way, and the only acts of alleged ouster proved were done by officers of the tenants in grading and treating the premises like part of the street which they adjoined. *Held*, that the tenants were entitled to a verdict.

WRIT OF ENTRY, dated August 8, 1871, to recover a strip of land adjoining Weir Street in Taunton. The defendants pleaded *nul disseisin*, and filed a specification of defence " that the demandant ought not to have and maintain his action against the tenants, because they say that on the day of the purchase of the original writ in this action, and long before, the public had and used a right of way to pass and repass into, through, over and along the whole of the demanded premises, at all times of the year, at their will and pleasure ; and they say that they have nothing in the demanded premises, and that they had nothing therein on the day of the purchase of the said original writ, nor at any time afterwards, but only the right of way as above mentioned ; the fee and freehold thereof being then and ever since in the demandant." At the trial in the Superior Court, before *Allen*, J., the judge ruled that on the pleadings it was not incumbent on the demandant to prove title to the demanded premises, and that the issue for the jury was whether the tenants had actually ousted the demandant, or withheld from him the possession of the premises, and for his damages.

It appeared that the demanded premises were a strip of land four and a half feet wide lying on the easterly side of Weir Street,

between the line of the demandant's buildings and the line of the highway. To show the ouster and withholding of possession, the demandant offered as a witness Lemuel T. Talbot, who testified that he was superintendent of streets for the city of Taunton; that he had the general care of the streets and highways in the city, and acted under the directions of the mayor and aldermen and also of the city council; that Weir Street was ordered to be lowered in grade; " that he lowered the grade of Weir Street, and in doing this dug down and carried away the soil from the demanded premises, and also carried away certain curbing stones thereon placed, and deposited them with other property of the city; that he caused the demanded premises to be lowered to the grade of the street, and made a wide sidewalk, a part of which the demanded premises were; that he did these acts under orders to widen, grade and straighten Weir Street, and supposed the demanded premises were a part of the public street; that he thus acted as an officer of the city, and, as he supposed, as a part of his duty as superintendent of streets; and that the street had continued as when he left it."

Upon inquiry of the judge the demandant stated that he re-lied on these acts to show an ouster or withholding possession on the part of the tenants, and that he did not claim to show any other acts to connect the city therewith. The judge thereupon directed a verdict for the tenants, which was returned, and the demandant alleged exceptions.

*J. Brown*, for the demandant.

*G. E. Williams*, for the tenants, was not called upon.

CHAPMAN, C. J, This is a writ of entry to recover a tract of land, described as a narrow strip adjoining Weir Street in Taunton. The tenants plead *nul disseisin*, and specify that they disclaim all right in the land, except a public easement in it as a highway. Upon this disclaimer it was not necessary for the demandant to prove his title. He had no occasion to proceed further in order to obtain his title. If he desired to obtain costs, he must for that purpose prove that the defendants had done acts which amounted to a disseisin. *Johnson* v. *Rayner*, 6 Gray, 107 *Kerley* v. *Kerley*, 13 Allen, 286.

The acts of the officers of the city government which were proved related to the location and working of the street, including the sidewalk. The court correctly ruled that these acts did not show an ouster on the part of the city. *Proprietors of Kennebec Purchase* v. *Springer*, 4 Mass. 416. *Slater* v. *Jepherson*, 6 Cush. 129. *Cook* v. *Babcock*, 11 Cush. 206. *Coburn* v. *Hollis*, 8 Met. 125. *Parker* v. *Parker*, 1 Allen, 245. *Morrison* v. *Chapin*, 97 Mass. 72. The verdict was properly directed.

*Exceptions overruled.*